STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED

June 27, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CHARLES BRAUTIGAM,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0232** (BOR Appeal No. 2047391)
                        (Claim No. 2010098207)

**PERSONNEL TEMPORARY SERVICES, INC.,**
**Employer Below, Respondent**


**MEMORANDUM DECISION**

Petitioner Charles Brautigam, by William Gallagher, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Personnel Temporary Services, Inc., by Lucinda Fluharty, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 18, 2013, in which the Board affirmed a June 11, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 25, 2012, decision which denied authorization for orthopedic and neurosurgical referrals. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Brautigam, a temporary worker, was injured during the course of his employment on July 10, 2009, when a machine fell on him. His claim was held compensable for shoulder/arm sprain/strain, lumbar sprain/strain, abrasion, and contusion of multiple sites. In a treatment note dated October 8, 2009, Mark Fye, M.D., found that Mr. Brautigam had undergone physical therapy that had helped his pain a great deal. It was noted that an MRI showed a mild L5-S1 disc herniation. Dr. Fye determined that the herniated disc pre-existed the work-related injury and Mr.

1

Brautigam merely sustained a soft tissue/contusion type of injury in the course of his employment.

Mr. Brautigam underwent an independent medical evaluation by Gabriel Sella, M.D., in May of 2011. In that evaluation, Dr. Sella found that there was pain in the right shoulder as well as mild loss of strength. He was unable to determine if the compensable diagnoses were correct and stated that a neurosurgical consultation would be necessary for the lumbar spine and an orthopedic consultation would be necessary for the right shoulder to determine if the compensable diagnoses were correct. Sushil Sethi, M.D., disagreed in an independent medical evaluation in June of 2011. Dr. Sethi found that Mr. Brautigam had already exhausted multiple courses of treatment and that his conditions had stabilized long ago. He determined that Dr. Sella's independent medical evaluation was difficult to understand because he failed to answer the questions asked. He concluded that Dr. Sella failed to make any specific recommendations. Dr. Sethi opined that Mr. Brautigam's right shoulder condition had resolved and there were very minimal findings in the lumbar area. Mr. Brautigam was found to be at maximum medical improvement and capable of returning to work. No further treatment was recommended. Dr. Sethi assessed 5% lumbar spine impairment and 0% right shoulder impairment. The treatment rendered to date was found to be excessive.

Rebecca Thaxton, M.D., performed a physician review on December 20, 2011, in which she determined that the requested referrals should be denied because they were unnecessary. She noted that Dr. Fye determined that the herniated disc was not work-related and Dr. Sethi performed a detailed examination of the right shoulder with range of motion measurements and found that Mr. Brautigam had sustained no permanent impairment. The claims administrator denied a request for orthopedic and neurosurgical referrals on January 25, 2012.

The Office of Judges affirmed the claims administrator's decision in its June 11, 2012, Order. It found that Dr. Sella made the recommendation for referrals without reviewing Mr. Brautigam's medical records or the history of the case. A lumbar MRI taken shortly after the injury was reviewed by Dr. Fye, an orthopedic surgeon. He found that the herniated L5-S1 disc pre-existed the compensable injury and that surgery would not resolve the problem. At that time, Dr. Fye noted that there was no radiation of pain into the lower extremities. Dr. Sella also noted that Mr. Brautigam did not have radiculopathy. Therefore, the Office of Judges found it questionable why Dr. Sella felt the need for a neurosurgical consultation.

The Office of Judges found that Peter Gerszten, M.D., stated in January of 2012 that Mr. Brautigam was experiencing pain in his back and tingling in his left leg. Dr. Gerszten opined that the pain was due to the L5-S1 disc herniation. However, the Office of Judges found that the disc herniation was discovered shortly after the injury in 2009 and has never been accepted as a compensable component of the claim. In regards to the right shoulder injury, though Dr. Sella noted pain and decreased strength, Dr. Sethi found no impairment for the right shoulder. He found that Mr. Brautigam was at maximum medical improvement for both the right shoulder and the lumbar spine. The Office of Judges determined that though Dr. Thaxton incorrectly stated that Dr. Fye was a neurosurgeon, that error only minimally detracted from her opinion that the requested referrals should be denied.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its January 18, 2013, decision. This Court agrees with the decision of the Board of Review. Neither herniated lumbar disc nor radiculopathy are compensable components of the claim, and Mr. Brautigam was found to be at maximum medical improvement in June of 2011 for the compensable lumbar spine and right shoulder sprains/strains. Therefore, the requested consultations are not reasonably required or medically necessary for the treatment or evaluation of the compensable conditions in this claim.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  June 27, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman

3